**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| NORAH FLAHERTY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-cv-1990 |
| HELLO PRODUCTS LLC, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Hello Products LLC ("Hello"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files its Notice of Removal of the action styled *Norah Flaherty, individually and on behalf of others similarly situated, v. Hello Products LLC*, Case No. 2023-CH-01703, from the Circuit Court of Cook County, Chancery Division to the U.S. District Court for the Northern District of Illinois. The grounds for removal are as follows:

**I.     THE STATE COURT ACTION**

1.     Norah Flaherty, individually and on behalf of all others similarly situated, ("Plaintiff") commenced the underlying lawsuit on February 21, 2023, when she filed her Complaint in the Circuit Court of Cook County, Chancery Division, styled *Norah Flaherty, individually and on behalf of others similarly situated, v. Hello Products LLC*, Case No. 2023-CH-01703.

2.     Plaintiff alleges violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment

based on Hello claiming that 18 toothpaste products identified in the Complaint (the "Products") contain no artificial sweeteners, when the products are alleged to contain sorbitol and xylitol. (Compl. ¶ 1)

3. Plaintiff alleges that she is a resident of Chicago, Illinois and that Defendant is a Delaware limited liability company, whose principal place of business is located in North Bergen, New Jersey. (Compl. ¶¶ 2-3).

4. Plaintiff brings this action on behalf of the following putative nationwide class:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

(Compl. ¶ 34). Plaintiff seeks money damages, damages associated with stress, aggravation, frustration, inconvenience, emotional distress, and mental anguish, punitive damages, restitution, injunctive relief, and attorneys' fees and costs. (Compl. ¶¶ 33, 36, 47, 53).

5. Hello was served with Plaintiff's Complaint on February 27, 2023. (*See* **Exhibit A**, State Court Documents.)

**II. GROUNDS FOR REMOVAL**

6. As will be shown below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441. There is complete diversity of citizenship between Plaintiff and Hello; the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and Hello files the instant Notice of Removal within thirty (30) days of February 27, 2023. Additionally, this Notice of Removal is being filed within one year of the commencement of this action, and it is timely pursuant to 28 U.S.C. § 1446(b).

**III.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

7. The Complaint was served upon Hello on February 27, 2023. Therefore, the removal of this action is timely in accordance with 28 U.S.C. § 1446(b) because the Notice of Removal was filed within thirty days of its receipt of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions and orders that have been filed in the State Court Action are attached hereto as Group Exhibit A.

9. Venue is proper in this Court because the Circuit Court of Cook County, Illinois, Chancery Division is located in the Northern District of Illinois, Eastern Division. 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court for the district and division embracing the place where such action is pending").

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Circuit of Cook County, Illinois.

12. Hello has submitted the required filing fee to the Clerk of the Court.

13. By filing this Notice, Hello does not waive any defense that may be available to it.

14. If any question arises regarding the propriety of the removal of this action, Hello respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

3

     **A.    Complete diversity of citizenship exists.**

15.    This is an action with complete diversity of citizenship between Plaintiff and Hello.

16.    For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). An LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well. *Id*.

17.    Plaintiff is a citizen of the state of Illinois. (Compl. ¶ 2).

18.    Hello is a Delaware limited liability company, whose principal place of business is located in North Bergen, New Jersey. (Compl. ¶ 3).

19.    Hello is a wholly owned subsidiary of Colgate-Palmolive Company. (*See* Affidavit attached as **Exhibit B**, at its par. 6)

20.    Colgate-Palmolive Company is incorporated in Delaware and has its principal place of business in New York. Ex. B, ¶ 7.

21.    Therefore, Hello is <u>not</u> a citizen of Illinois as of the date this Notice of Removal is filed.

     **B.    The "amount in controversy" requirement is satisfied**

22.    Plaintiff seeks actual damages, punitive damages, attorney's fees, and injunctive relief, on behalf of herself and a putative class.

23. Where "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

24. The defendant must offer "competent proof" of the amount in controversy. *Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 772 (E.D. Wis. 2003) (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936)).

25. The defendant must merely show that there is a reasonable probability that jurisdiction exists. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

26. When a plaintiff seeks injunctive relief, the Court may consider the value of the injunction to meet the amount in controversy. *Macken ex rel. Macken v. Jensen*, 333 F.3d 797 (7th Cir. 2003). In a suit for injunctive relief, the amount in controversy for purposes of diversity jurisdiction is measured by the value of the object of the litigation, and the object may be valued from either perspective, that is, what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand. *Id*.

27. An unchallenged affidavit with respect to the cost of complying with an injunction is sufficient to establish the amount in controversy for jurisdictional purposes. *Holcombe v. Smithkline Beecham Corp.*, 272 F. Supp. 2d 792 (E.D. Wis. 2003).

28. Plaintiff seeks injunctive relief, actual damages, punitive damages, costs, and attorneys' fees against Hello. (*See, e.g.,* Compl. ¶ 47). Where both actual and punitive damages are alleged to be recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008); *see also Daley v. Jones Motor Co., Inc.*, 743 F. App'x 35, 37 (7th Cir. 2018) (punitive damages estimate to be factored into amount in controversy calculation). In

5

*Daley,* the total compensatory damages at stake in a putative class action brought under the ICFA was $1,405,040. *Id.* at 37. The court noted that, while on its own this amount would not satisfy the amount in controversy requirement for removal under the Class Action Fairness Act, the complaint's request for punitive damages under the ICFA factored into the amount in controversy calculation. *Id.*

29. From February 22, 2018 through the date the complaint was filed, the putative class period, the nationwide monetary sales for the Products exceed $75,000. Ex. B, ¶ 8. Sales of the Products will continue during the pendency of the litigation.

30. Plaintiff's demand for injunctive relief, if Plaintiff were to prevail, also could cause Hello to incur unspecified but potentially significant costs of remedial measures, costs which also may be included in assessing the amount in controversy. *See Holcombe v. Smithkline Beecham Corp.*, 272 F. Supp. 2d 792 (E.D. Wis. 2003) (finding that advertising injunction caused amount in controversy to exceed jurisdictional minimum).

31. In addition to the alleged damages discussed above, Plaintiff's pre-removal attorneys' fees are appropriately considered as part of the amount in controversy. *ABM Security Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).

32. In light of all of the above, there is a reasonable probability that the damages Plaintiff seeks exceed $75,000.00. *See In re StarLink Corn Prod. Liab. Litig.*, 211 F. Supp. 2d 1060, 1067 (N.D. Ill. 2002) (denying class claimants' motion to remand and finding that based on the breadth of relief sought, there is far more than a reasonable probability that the amount in controversy with respect to each movant exceeds the $75,000 minimum).

33. Accordingly, Hello has demonstrated that the amount in controversy in this matter exceeds the minimum jurisdictional amount. 28 U.S.C. § 1332(a)(1).

## IV. NOTICE

34.     Hello will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Hello also will file with the clerk of the state court and will serve a notice of the filing of this Notice of Removal on Plaintiff's counsel.

## V. CONCLUSION

WHEREFORE, Hello Products LLC, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Circuit Court of Cook County, Illinois, to this Court.

Dated: March 29, 2023                                                                Respectfully submitted,

By: /s/ Paul Gamboa
*Attorney for Defendant*

Paul Gamboa, ARDC #6282923
GORDON & REES LLP
One North Franklin; Suite 800
Chicago, Illinois 60606
Tel: (312) 619-4937
Fax: (312) 565-6511

## IV. NOTICE

34.     Hello will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Hello also will file with the clerk of the state court and will serve a notice of the filing of this Notice of Removal on Plaintiff's counsel.

## V. CONCLUSION

WHEREFORE, Hello Products LLC, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Circuit Court of Cook County, Illinois, to this Court.

Dated: March 29, 2023                                                                Respectfully submitted,

By: /s/ Paul Gamboa
*Attorney for Defendant*

Paul Gamboa, ARDC #6282923
GORDON & REES LLP
One North Franklin; Suite 800
Chicago, Illinois 60606
Tel: (312) 619-4937
Fax: (312) 565-6511

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 29, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

                                                Respectfully submitted,

                                  By: */s/ Paul Gamboa*
                                         Paul Gamboa, ARDC #6282923
                                         GORDON & REES LLP
                                         One North Franklin; Suite 800
                                         Chicago, Illinois 60606
                                         Tel: (312) 619-4937
                                         Fax: (312) 565-6511